THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM P. MERRITT, JR., Defendant-Appellant.

Third District    Nos. 3—99—0488, 3—99—0490, 3—99—0491 cons.

Opinion filed January 5, 2001.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Ted J. Hamer, State's Attorney, of Cambridge (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, William Merritt, Jr., was convicted by a jury of driving on a revoked license (625 ILCS 5/6—303 (West 1996)), driving under the influence (625 ILCS 5/11—501 (West 1996)), and driving an uninsured motor vehicle (625 ILCS 5/3—707 (West 1996)). Defendant was sentenced to 30 months in prison and various fines. Defendant now appeals only his conviction for driving an uninsured motor vehicle, asserting that the State failed to prove him guilty beyond a reasonable doubt. After careful review, we reverse defendant's conviction for driving an uninsured vehicle and vacate the fine imposed for that conviction.

The major issue of contention between the State and the defendant at trial was the identity of the driver of the car. However, for purposes of the instant appeal, those facts are irrelevant. What does matter is the following evidence, which the State presented at trial to support the charge of driving an uninsured motor vehicle.

On April 19, 1997, a Kewanee police officer, Chuck Russell, ticketed the defendant for improper overtaking, driving on a revoked license, driving under the influence, and driving an uninsured vehicle. At trial a certified copy of the Secretary of State's revocation of the defendant's driver's license was entered into evidence. The evidence also showed that the vehicle involved was not owned by either the defendant or Corina Rodriguez, who was in the car with the defendant when he was arrested. Once the vehicle had stopped, the officer asked for, and was granted, permission to search the vehicle. No contraband was found as a result of this search. When asked at trial why he issued the uninsured vehicle citation, the officer stated, "There was no evidence

that the vehicle was insured. There was no insurance card presented to me at the time of this traffic stop."

When a defendant asserts, as here, that the State failed to prove him guilty beyond a reasonable doubt, it is not the job of the reviewing court to retry the defendant. *People v. Nitz*, 143 Ill. 2d 82, 572 N.E.2d 895 (1991). Rather, the reviewing court must determine if, viewing the evidence in the light most favorable to the prosecution, there is no way a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). The trier of fact is allowed to make all reasonable inferences from the evidence. *Nitz*, 143 Ill. 2d 82, 572 N.E.2d 895.

■ The elements that the State must prove beyond a reasonable doubt to sustain a conviction for driving an uninsured motor vehicle are: (1) that the defendant was driving a motor vehicle, and (2) at the time the defendant was operating the vehicle, it was not covered by a liability insurance policy. 625 ILCS 5/3—707 (West 1996). It is also possible under the Illinois Vehicle Code for a driver to be convicted of driving an uninsured motor vehicle if the driver fails to comply with a request by a law enforcement officer for proof of insurance. 625 ILCS 5/3—707 (West 1996).

■ There was no evidence in the record that the officer had asked anyone to produce an insurance card. The only evidence to support the defendant's conviction is that the police officer was not shown a valid insurance card. This evidence was insufficient to prove beyond a reasonable doubt, either directly or by reasonable inference, that the defendant was driving an uninsured vehicle.

For the foregoing reasons the conviction of the defendant for driving an uninsured motor vehicle is reversed. The sentence imposed for that violation, a fine of $750, is vacated. The judgment is otherwise affirmed.

Affirmed in part, reversed in part, and vacated in part.

SLATER and LYTTON, JJ., concur.